# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

**UNITED STATES OF AMERICA,**
        Plaintiff,

v.

**CONSTANTINO MARES GARCIA,**
        Defendant.

Case No. CR 18-309-RSM

**DETENTION ORDER**

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

This finding is based on 1) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence or involves a narcotic drug; 2) the weight of the evidence against the person; 3) the history and characteristics of the person including those set forth in 18 U.S.C. Sect. 3142(g)(3)(A)(B); and 4) the nature and seriousness of the danger release would impose to any person or the community.

*Findings of Fact/ Statement of Reasons for Detention*

**Presumptive Reasons/Unrebutted:**
( )    Conviction of a Federal offense involving a crime of violence. 18 U.S.C. Sect. 3142(f)(A)
( )    Potential maximum sentence of life imprisonment or death. 18 U.S.C. Sect. 3142(f)(B)
( X )  Potential maximum sentence of 10+ years as prescribed in the Controlled Substances Act (21 U.S.C. Sect. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. Sect. 951 et seq.) Or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)
( )    Convictions of two or more offenses described in subparagraphs (A) through (C) of 18 U.S.C. Sect. 3142(f)(1) of two or more State or local offenses that would have been offenses described in said subparagraphs if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses.

**Safety Reasons:**
( X )  Danger of instant offense

**Flight Risk/Appearance Reasons:**
( X )  Defendant has been living at his current address for about seven months – this is his proposed residential placement address – and it is his third address in the past four years
( X )  Although the defendant has resided in the Western District of Washington for approximately ten years, he has been employed by his current employer only six months; defendant came to Washington from Mexico and his two prior addresses in Washington State are unknown

The defendant has produced information but it was of little weight; the Court finds the defense did not meet the burden of production. The defendant has a girlfriend of three years and the two of them have a small child – so he has family ties to the community. The defendant is employed, yet his employment with his current employer is of short duration (about six months). He has lived in a residence located in Lake Stevens, WA for about seven months; before that, he lived at unknown addresses in Lynnwood, and Bothell, Washington; he moved to Washington from Mexico about ten years ago (he is a citizen of Mexico) after family members were killed in Mexico. The defendant has not produced sufficient information regarding any proposed way to mitigate the risk of flight or the risk of danger to others and danger to the community.

The United States met its burden of persuasion to show that:

By a preponderance of the evidence, there is a substantial risk that the defendant would flee or not appear. Despite his Mexican citizenship, the defendant would not necessarily flee to Mexico, because his family members were killed and he came to the United States after those events. However, the defendant has been moving often within the past four years, and has unknown addresses in Lynnwood and Bothell prior to the current address in

Lake Stevens. Under these circumstances, there is a risk of flight – the defendant would be at risk to hide with his family and disappear within the United States in order to avoid detection and prosecution within the United States.

The government has also met its burden by clear and convincing evidence to show that the defendant poses an extreme level of risk of dangerousness due to the circumstances of the current offense – according to the amended complaint, Dkt. 2, a large amount of drugs were found in his home and in his vehicle. At the time that law enforcement searched the defendant's residence, agents seized approximately one pound of heroin from a coat that was hanging on a wall. In addition, agents discovered approximately two kilograms of heroin in clear plastic bags, and red bag with $59,122.00 in cash under the hood of a car registered to the defendant.

The Court is convinced there is no condition, nor a combination of conditions, sufficient to assure that the defendant would appear for court as required, or that the defendant would not pose a serious risk of danger to others and to the community.

*Order of Detention*

- The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
- The defendant shall be afforded reasonable opportunity for private consultation with counsel.
- The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

December 17, 2018

Theresa L. Fricke
United States Magistrate Judge